CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT PHAROAH HOWARD, | ) |
| Plaintiff, | ) Case No. 7:11CV00103 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TONYA PHILLIPS, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Robert Pharoah Howard, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, requesting interlocutory injunctive relief and monetary damages against officials at Red Onion State Prison.[1] Upon review of the record, the court finds that Howard's contemporaneously filed motion for interlocutory injunctive relief must be denied.

## Background

In the portion of his submissions that appears to be his argument in support of interlocutory injunctive relief, Howard "urge(s) the courts to issue an order of a transfer [to Sussex 1 State Prison] due to officials threatening to attack [him and] to tamper with [his] 3 daily required meals." He offers no detailed factual allegations in support of this conclusory assertion, however, regarding what the threats were or when they occurred. He also states that as of December 20, 2010, he had been on a seven-day hunger strike, that he had not received adequate

---

[1] Howard's complaint consists of a stack of unnumbered pages with no statement of numbered claims as required under Rule 10 of the Federal Rules of Civil Procedure. By separate order, the court will require Howard to file an amended complaint as to his § 1983 claims themselves.

medical treatment, that an officer had broken and then confiscated his television set,[2] and that a hearing officer had violated his due process rights related to a disciplinary charge. Howard refers to (1) a prior civil rights action he filed against prison officials, Case No. 7:10CV00052, which went to a jury trial on March 3, 2011, and (2) a class action lawsuit in which a civil rights organization in Washington, D.C., claims that officials at Red Onion and other Virginia prisons discriminate against African American inmates, such as Howard, who have legally adopted Islamic names. Apparently, Howard seeks interlocutory injunctive relief because since he became involved in these lawsuits, prison officials have taken some adverse actions against him and he fears additional retaliatory action in the future because of the lawsuits.

## Discussion

The grant of a preliminary injunction is an "extraordinary remedy . . . which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med Corp., 952 F.2d 802, 811 (4th Cir. 1991). For this reason, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)). Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Id. at 347. A movant is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent

---

[2] From Howard's other submissions, it appears that he staged a hunger strike in protest of the manner in which the television incident was handled.

with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 375-76.

Howard's allegations in support of his motion for interlocutory relief do not satisfy the factors of the Real Truth standard. The prison officials' actions of which he complains are past events, and he may pursue claims concerning these events in his amended complaint. However, neither these past events nor anything else in Howard's current allegations indicates a likelihood that he will suffer irreparable harm of any sort, at the hands of prison officials or otherwise, in the absence of court intervention. He states no facts in support of his speculation that the adverse events described had any relationship to either of the lawsuits he mentions, and he merely surmises that prison officials will take unidentified retaliatory actions against him in the future because of the lawsuits. These "possible" and speculative future harms are insufficient basis on which to grant the extraordinary remedy for which he moves. Accordingly, the court must deny his motion for interlocutory injunctive relief.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of March, 2011.

/s/ Glen Conrad

Chief United States District Judge